IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REBECCA EDWARDS, and | : | |
| ERIC EDWARDS, husband and wife, | : | CIVIL ACTION NO. **3:CV-06-1609** |
| | : | |
| Plaintiffs | : | Magistrate Judge Blewitt |
| | : | |
| v. | : | |
| | : | |
| CARDINAL HEALTH, INC., | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

**I. Background.**

On August 17, 2006, this product liability action was filed by Plaintiffs Rebecca and Eric Edwards, in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1332. At the time of filing, Plaintiffs were represented by counsel. (Doc. 1). On September 22, 2006, Plaintiffs filed, through counsel, an Amended Complaint. (Doc. 3). Basically, Plaintiffs allege that Defendants manufactured a defective insulated cold pack which Plaintiff Rebecca Edwards claims caused her chemical burns to her chest when she used it as directed by Defendants.

On October 18, 2006, Defendant Cardinal Health 200, Inc. "(CH200"), filed its Answer to the Amended Complaint with Affirmative Defenses. (Doc. 6).[1]

---

[1] Defendant Cardinal Health, Inc. did not file an Answer to Plaintiffs' Amended Complaint, but this Defendant jointly filed the Motion to Dismiss Plaintiffs' Amended Complaint on May 9, 2007. (Doc. 17).

After the filing of Defendant's Answer to the Amended Complaint, a joint case management conference was scheduled by the District Court. (Doc. 8). However, the parties then consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c), and on December 7, 2006, this case was re-assigned to the undersigned. (Doc. 10). An Order was issued on December 13, 2006, setting up a telephonic scheduling conference for January 3, 2007. (Doc. 11). On December 22, 2006, counsel for Plaintiffs filed a Motion to Withdraw as Counsel for Plaintiffs. (Doc. 12). Consequently, on December 29, 2006, the Court issued an Order granting the Motion of Plaintiffs' counsel to withdraw, and gave Plaintiffs sixty (60) days to secure new counsel and have their new counsel enter an appearance. (Doc. 14). The case management conference that was set for January 3, 2007 was cancelled and was to be re-scheduled when Plaintiffs' new counsel entered an appearance. (*Id*.).[2]

Plaintiffs did not secure new counsel within the 60-day period allowed by the December 29, 2006 Order, and no new counsel entered an appearance for Plaintiffs. Thus, on March 8, 2007, the Court issued an Order scheduling a telephonic scheduling/status conference for March 19, 2007 to determine how Plaintiffs wished to proceed with their case, *i.e.* by trying to obtain new counsel or by proceeding *pro se*. (Doc. 15). The March 8, 2007 Order also directed Plaintiffs to contact the Court to advise it of their telephone number for purposes of the

---

[2]Defendants' Motion to Dismiss pursuant to Rule 41(b) accurately states the procedural history of this case. (Doc. 17-2, pp. 2-3). Also, Defendants attached the pertinent documents, referenced above, to their Motion as exhibits. (Docs. 17-3 to 17-7, Exs. A-E).

conference. Plaintiffs did not contact the Court with their telephone number as directed by the March 8, 2007 Order.

Plaintiffs did not request a continuance of the March 19, 2007 conference. Plaintiffs made no contact with this Court whatsoever and violated the March 8, 2007 Order. The March 19, 2007 conference had to be canceled since the Plaintiffs failed to abide by this Court's Order. Subsequently, in light of the continued inactivity in this case, and in an effort to move this case forward, the Court issued another Order on March 20, 2007, which directed as follows:

> 1. The telephonic scheduling/status conference originally scheduled for March 19, 2007 is **RESCHEDULED.**
>
> 2. The conference shall be conducted on **April 9, 2007 at 10:00 a.m.**
>
> 3. The conference shall be initiated by the Court.
>
> 4. On or by **April 2, 2007**, *pro se* Plaintiffs Rebecca Edwards and Eric Edwards shall contact the Court at 570-207-5740 to advise of the telephone number at which they may be reached for the conference.
>
> 5. The purpose of the conference is to discuss the status of Plaintiffs' retention of counsel to represent them in this matter, pursuant to the Court's Order of December 29, 2006. (Doc. 14).
>
> 6. Failure of Plaintiffs to comply with this Order by supplying a telephone number at which they may be reached for this conference, and by making themselves available to participate in the conference, may result in t he dismissal of this matter for failure to prosecute the action and to comply with the Orders of the Court, pursuant to Fed.R.Civ.P. 41(b).

(Doc. 16, p. 2).

3

Once again, Plaintiffs failed to comply with this Court's Order since they did not contact the Court with their telephone number. The re-scheduled conference of April 9, 2007 had to be canceled in light of Plaintiffs' non-compliance with this Court's Order.

As stated, on December 22, 2006, counsel for Plaintiffs filed a Motion for Leave to Withdraw as Counsel, citing his failure to secure an expert witness report opining that the cold pack at issue was defective. Counsel also stated that Plaintiffs did not oppose his request to withdraw as their counsel. (Doc. 12). On December 29, 2006, Plaintiffs' counsel's Motion was granted. The previously set case management scheduling conference of January 3, 2007 was canceled, and Plaintiffs were afforded sixty (60) days from the date of the December 29, 2006 Order to retain new counsel to represent them in this matter. (Doc. 14). Said Order further stated that, upon the entry of appearance of Plaintiffs' new counsel, the Court would schedule a case management conference at which the case management deadlines would be established. The Order then directed that Plaintiffs' address be added to the docket for purposes of serving future documents filed in this case upon them, and that their *pro se* status be reflected. (*Id*.).[3]

Plaintiffs did not secure substitute counsel within the sixty-day period mandated by the December 29, 2006 Order.

By Order of March 8, 2007, the Court scheduled telephonic status conference for March 19, 2007, since no activity was occurring on this case. Said Order directed the Plaintiffs to contact the Court prior to the date of the conference (*i.e.* by March 15, 2007) to advise the

---

[3]As stated above, the parties consented to proceed before the undersigned for all pretrial and trial matters pursuant to 28 U.S.C. § 636(c). (Doc. 10).

4

Court of the telephone number at which they could be reached for the conference. (Doc. 15). Plaintiffs failed to contact the Court to provide their telephone number for the conference call, and the conference was not conducted. (*See* Doc. 16). Another conference was set for April 9, 2007, and Plaintiffs again failed to contact the Court before this conference to advise the Court of their telephone number. The April 2007 conference also had to be canceled due to Plaintiffs' failure to abide by this Court's Order.

We find that the delay in this case from February 27, 2007 (date Plaintiffs were to retain new counsel) through the present was directly caused by Plaintiffs' dilatory conduct and repeated failures to abide by the Court's Orders.

On May 9, 2007, Defendants filed a Motion to Dismiss the Complaint pursuant to Fed.R.Civ.P. 41(b) **(Doc. 17)**, together with an attached Brief in support thereof and exhibits. (Doc. 17, 17–3, and Exs. A - H). Defendants assert that Plaintiffs have failed to prosecute their action and have failed to abide by the Court's Orders, which has caused them prejudice. When Plaintiffs failed to timely respond to Defendants' Motion, the Court entered an Order on June 1, 2007, which directed Plaintiffs to file their brief in opposition to Defendants' Motion on or by June 15, 2007. Said Order further stated that Plaintiffs' failure to timely file their opposition brief will result in the issuance of an Order dismissing their action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). (Doc. 19).

Plaintiffs failed to file their opposition brief to Defendants' Motion, and they did not request another extension of time within which to do so. Plaintiffs have had no contact with this Court since their counsel withdrew from this case six months ago. This Court has

5

repeatedly scheduled conferences in order to address how Plaintiffs were going to proceed, either *pro se* or through new counsel, and to set case management deadlines to move this case forward. However, as the record reflects, Plaintiffs continued to thwart all attempts made by this Court to proceed with this case.

The Court gave Plaintiffs more than ample time to secure new counsel. The Court directed that, since Plaintiffs did not obtain new counsel, a scheduling conference would be held so that their case would proceed with them acting *pro se*. (Doc. 15). The Court repeatedly tried to set up scheduling conferences but was unable to do so since Plaintiffs failed to abide by the Orders directing them to advise the Court of their contact telephone number to call in for the conferences.

Also, since Plaintiffs failed to abide by this Court's Order of March 8, 2007, the March 19, 2007 conference had to be canceled, and the Court scheduled another conference for April 9, 2007. (Docs. 15 and 16). The April 9, 2007 telephonic conference had to canceled because Plaintiffs failed to abide by this Court's Order requiring them to advise the Court of their telephone number for the conference. Thus, the Court afforded Plaintiffs one last opportunity to seek counsel *via* the March 20, 2007 Order. The purpose of the telephonic conferences were to determine if Plaintiffs were able to retain counsel and move forward with their case, which had largely been held in abeyance since December 29, 2006.[4]  Plaintiffs were

---

[4] The Court attempted to conduct telephonic conferences in this case on March 19, 2007 and April 9, 2007 to allow Plaintiffs the opportunity to seek new counsel. (Docs. 15 - 16). Plaintiffs did not call in their contact number and both conferences had to be canceled. The Court advised Plaintiffs in the March 20, 2007 Order that if they failed to supply their telephone number for the April 9, 2007 conference, their case may be subject to dismissal for

6

to have been available on March 19, 2007 and April 9, 2007 for the phone conferences, which were to have been initiated by the Court. The Court could not initiate the conference calls since Plaintiffs never called in with their contact number. Plaintiffs, without explanation, did not follow this Court's directives with respect to the conference calls.

There is nothing to indicate that defense counsel was not available and ready to proceed with the conference calls or that any delay was attributable to her. Plaintiffs did not contact the Court or file any document explaining their failure to adhere to the procedures for the Court-ordered conferences.[5] The Court issued an Order on June 1, 2007, affording Plaintiffs a final opportunity to file their brief in opposition to the Defendants' Motion to Dismiss. The Order directed Plaintiffs to file their brief within fifteen (15) days by June 15, 2007, and informed Plaintiff that their failure to timely file their brief would be deemed as their failure to prosecute their action and to comply with the Court's Orders. (Doc. 19). We also deem Plaintiffs' failure to file their brief as their non-opposition to the Defendants' Motion pursuant to Local Rule 7.6, M.D. Pa. The Court also indicated that the failure of Plaintiffs to

---

failure to prosecute. (Doc. 16). In any event, since Plaintiffs did not adhere to the Court's directives, and no conferences were held, we deem them as proceeding *pro se*, and they were obligated to respond to Defendants' Motion to Dismiss. To date, Plaintiffs have neither obtained new counsel nor filed their opposition brief to Defendants' Motion to Dismiss.
    The Court saw no reason to try and schedule another telephonic conference since, as stated, the earlier scheduled conferences could not be conducted based on Plaintiffs' failure to apprise the Court of their telephone number, in direct violation of the Court's Orders. (Docs. 15 and 16).

    [5]To date, Plaintiffs have not contacted the Court either to explain their repeated failure to call in for their participation in the Court-ordered conferences or to indicate their desire to pursue this case.

respond to Defendants' Motion would subject the case to dismissal pursuant to Fed.R.Civ.P. 41(b). (Doc. 19).

## II. Legal Standard.

As the Court stated in *Smith v. Altegra Credit Co.*, 2004 WL 2399773, * 3 (E.D. Pa.),

> Two sources of authority grant this Court authority to impose, *sua sponte*, a sanction of dismissal with prejudice in this case. First, the Supreme Court held in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (per curiam), that district courts have the inherent power to dismiss a case for failure to prosecute a claim. "The power to invoke this sanction [of dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.
>
> The *Smith* Court further stated:
>
> Second, this Court is authorized by Federal Rule of Civil Procedure 16(f) to impose sanctions for a party's failure to comply with a court's pretrial conference scheduling order. Rule 16(f) states, in pertinent part:
>
>> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference . . . upon motion or the judge's own initiative, [the court] may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).
>
> Fed.R.Civ. P. 16(f). One of the sanctions permitted under Rule 37(b)(2) is dismissal of a case with prejudice. Fed.R.Civ.P. 37(b)(2)(C); *see also Ray v. Eyster (In re Orthopedic "Bone Screw" Prods. Liab. Litig.),* 132 F.3d 152, 154 n. 2 (3d Cir. 1997) ("Rule 16(f), which provides sanctions for failure to comply with pretrial and scheduling orders of the court incorporates the sanctions under Rule 37 by reference, including the Rule 37(b)(2)(C) provision for dismissal for failure to comply with discovery orders.").

*Id* at * 4.

8

The *Smith* Court then stated that:

> When considering whether it is appropriate to dismiss a case, either as part of the Court's inherent power to dismiss for failure to prosecute or as a Rule 16(f) sanction, a court must consider the factors outlined in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984). *Mindek*, 964 F.2d at 1373. The *Poulis* factors are: "(1) the extent of the party's personal responsibility [for the rule violation(s)]; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness [by the party]; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." 747 F.2d at 868 (emphases omitted). The *Poulis* standard is not a "mechanical calculation" for deciding whether or not to dismiss a plaintiff's complaint, and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373. Rather, the decision whether or not to dismiss a claim under *Poulis* is a balancing test, *United States v. 68.94 Acres of Land*, 918 F.2d 389, 397 (3d Cir. 1990), that "must be made in the context of the district court's extended contact with the litigant." *Mindek*, 964 F.2d at 1373.

*Id*.

In their Brief, Defendants correctly recognize the *Poulis* factors and cite to this Court's decision in *Paulino v. Yates*, Civil No. 03-0884, 2005 WL 1154484, M. D. Pa. (Doc. 17-2, p. 3 & Ex. F). Recently, the Third Circuit in *Hunt v. City of Scranton*, 2007 WL 1624099 (3d Cir.) (Non-Precedential), reiterated the *Pouilis* factors and stated that the District Court must make explicit findings regarding these factors.

**III. Analysis.**

As required by *Hunt*, we now apply the stated *Poulis* factors to our case.

This Court has afforded Plaintiffs every opportunity during the past six (6) months (*i.e.*, since December 2006) to obtain new counsel, and they have, personally, repeatedly failed

9

to do so.  Further, Plaintiffs have been given ample time to respond to Defendants' May 9, 2007 Motion to Dismiss. (Doc. 17). Plaintiffs, through their stated personal conduct, have now demonstrated a desire to no longer prosecute their case.  As in *Smith*, and as Defendants contend (Doc. 17-2, p. 4), our Plaintiffs are personally responsible for their repeated failures to participate in the Court-ordered conferences, and for their failures to abide by the Court's Orders.

As stated, and as Defendants contend (Doc. 17-2, p. 4), we have found that Plaintiffs' conduct has prejudiced Defendants.  Defendants have been prevented from conducting discovery, as well as preparing their defenses, and the long delay in the advancement of this case, as well as the conferences scheduled by the Court, have needlessly cost Defendants (and this Court) both time and money.  Defendants' counsel played no role in the canceling of the conferences, and it was Plaintiffs who wilfully chose not to participate by their failure to advise the Court of their contact number.  Defendants, in their Motion to Dismiss, also state how they have been severely prejudiced by Plaintiffs' conduct in failing to prosecute their case, since they have been prevented from conducting meaningful discovery, such as taking Plaintiffs' depositions.  (Doc. 17-2, p. 4).

Plaintiffs' stated conduct has shown that they have repeatedly failed to participate in the Court-ordered conferences and that they have been dilatory in failing to respond to Defendants' Motion to Dismiss.

Based on Plaintiffs' stated personal conduct, we find that it has been willful.  As the *Smith* Court stated, "[consistent failure to comply with a court's pre-trial orders despite repeated

warnings about the consequences of noncompliance is sufficient evidence of 'flagrant bad faith' to warrant dismissal." *Id*. at * 6 (citation omitted).

As in *Smith*, and as Defendants argue (*Id*.), we find that dismissal of this case is the proper sanction at this time. This Court has attempted other sanctions, such as warnings to the Plaintiffs and allowing this case to sit on its docket with virtually no activity for six months. These sanctions have proven to be ineffective, as Plaintiffs have repeatedly ignored the Court's directives. We find that imposing a monetary sanction against Plaintiffs would be pointless. We agree with Defendants that at this point, only the sanction of dismissal is appropriate. (Doc. 17-2, p. 4).

Finally, we consider whether Plaintiffs have a meritorious claim. Plaintiffs' former counsel has indicated that he was not able to obtain any expert report that opines Defendants' product was defective. (Doc. 12). Plaintiffs' Amended Complaint asserts eight (8) counts, and alleges strict liability, negligence and breach of warranties, as well as loss of consortium by Plaintiff Eric, against both Defendants as a result of injuries Plaintiff Rebecca sustained when she used the insulated cold pack manufactured and sold by Defendants. (Doc. 3).

Based on the face of the Plaintiffs' amended pleading and Defendant CH200's Answer thereto (Doc. 6), it is not clear if Plaintiff Rebecca's injuries were caused by defects in the cold pack or her own actions in using the product. Further, based on Plaintiffs' stated dilatory conduct, Defendants have been prevented from trying to discover the cause of the injury in question. Defendants have also been prevented from supporting their defenses at trial based on Plaintiffs' inaction in this case. Indeed, as affirmative defenses in its Answer,

11

Defendant CH200 has asserted, in part, contributory negligence of Plaintiff, comparative negligence under the Pennsylvania Comparative Negligence Act, and assumption of risk. (Doc. 6, p. 8).[6]  It is also unclear if the cold pack was misused or if it was in any way modified prior to the accident at issue.  Again, Defendants have not been able to pursue these defenses based on Plaintiffs' undisputed dilatory conduct.

In any event, based only on the pleadings, Plaintiffs' claims may have merit.  Thus, we find that the final *Poulis* factor weighs in Plaintiffs' favor.

However, based on all of the *Poulis* factors, we agree with Defendants, and we find that dismissal with prejudice of this action is warranted under the circumstances described herein.  We have given Plaintiffs every possible opportunity to pursue their case, and we find that no further opportunity should be afforded, even though Plaintiffs are now *pro se*.  Additionally, while Plaintiffs may have a claim with merit, the remainder of the *Poulis* factors weigh heavily towards dismissal of this case.  *See Smith*, at * 9, n. 10.

Moreover, the time in which Plaintiffs were to have filed their opposition brief has expired.[7]  The Plaintiffs have neither filed their opposition brief nor requested an extension of time in which to do so.  Thus, we deem Plaintiffs as not opposing the stated Motion of the Defendants (Doc. 17) pursuant to Local Rule 7.6 (M.D. Pa.).

---

[6]As noted above, Defendant Cardinal Health, Inc., did not file an Answer to Plaintiffs' Amended Complaint, but this Defendant has joined in the Motion to Dismiss Plaintiffs' Amended Complaint.

[7]In fact, we have given Plaintiffs an extra 12 days, in addition to the 15 days extra we have already given to Plaintiffs, to file their opposition brief.

12

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, Plaintiff has failed to both prosecute the action and to comply with an order of the court by his failure to file his opposition brief as directed.  Therefore, Plaintiffs' Amended Complaint (Doc. 3) shall be dismissed on the basis of Plaintiffs' failure to timely file their brief in opposition to the outstanding Motion to Dismiss (Doc. 17), as well as for Plaintiffs' failure to comply with the Orders of the Court and for their failure to prosecute their action.

An appropriate Order follows.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 29, 2007**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REBECCA EDWARDS, and | : | |
| ERIC EDWARDS, husband and wife, | : | CIVIL ACTION NO. **3:CV-06-1609** |
| | : | |
| Plaintiffs | : | Magistrate Judge Blewitt |
| | : | |
| v. | : | |
| | : | |
| CARDINAL HEALTH, INC., | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

## **ORDER**

**AND NOW,** this 29th day of **June, 2007**, based on Plaintiffs' personal conduct in failing to participate in Court-ordered conferences, based on Plaintiffs' failure to timely file their brief in opposition to the outstanding Motion to Dismiss of Defendants (Doc. 17), based on Plaintiffs' failure to comply with the Orders of the Court and based on Plaintiffs' failure to prosecute their action, and upon considering the *Poulis* factors, **IT IS HEREBY ORDERED THAT** Plaintiffs' Amended Complaint (Doc. 3) is **DISMISSED, with prejudice,** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk of Court is directed to close this case.

**s/ Thomas M. Blewitt**  
**THOMAS M. BLEWITT**  
**United States Magistrate Judge**

**Dated: June 29, 2007**